IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| RALPH W. PAULY<br>and CYNTHIA R. PAULY, | ) | |
| | ) | |
| Plaintiffs, | ) | TC-MD 190264N |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | **ORDER ON CROSS-MOTIONS** |
| Defendant. | ) | **FOR SUMMARY JUDGMENT** |

Plaintiffs appealed Defendant's Notice of Deficiency, dated April 19, 2019, for the 2016 tax year. The parties agreed to proceed with written briefing based on a stipulated factual record. The parties' Joint Stipulated Facts and Exhibits were filed on October 15, 2019. Defendant's Written Argument was filed on November 8, 2019. Plaintiffs' Argument was filed on November 18, 2019.

## I. STATEMENT OF FACTS

Plaintiffs claimed $9,814 in repairs expense on their schedule E in connection with a rental property they owned located at 56503 Crest Drive, Warren, Oregon (Crest Drive property). (Stip Facts ¶ II; Ex 1.) At audit, Defendant allowed a repair expense of $838 but denied the remaining $8,976 because it represented a roof replacement which, in Defendant's view, is required to be capitalized rather than expensed. (Compl at 4-5.)[1]

Plaintiffs purchased the Crest Drive property on June 8, 1977, for $43,000. (Stip Facts ¶ III.) The Crest Drive property has a "steep roof" or a "steep pitch roof." (*Id*. ¶V.) The roofing work done on the Crest Drive property was estimated to cost $8,976 in a bid dated October 18,

_____

[1] It appears that Defendant may have disallowed a corresponding depreciation deduction, although it is unclear because pages 5-6 of the Notice of Deficiency are missing. (*See* Compl at 5-6.)

2016. (Stip Facts ¶IV, Ex 2.) The estimate was for a "Roof Replacement" and specified that the price included "[c]omplete[] remov[al] and recycle [of] all existing roofing materials from all roof deck elevations of the home." (Stip Facts, Ex 2 at 2.) The estimate specified that the scope of the work included installing new underlayment, flashing, coatings, and roofing shingles to all roof deck areas. (*Id*.) "Any plywood roof deck sheeting that must be replaced due to water damage will be at an additional charge" and was not included in the estimate. (*Id*.) The shingles included a 50-year factory warranty. (*Id*.) The final receipt, dated December 22, 2016, showed that $8,976 was paid for "Roof Replacement" and an additional $838 was paid for "additional repairs" for a total of $9,814. (Stip Facts, Ex 2 at 3.)

The parties provided an article from AICPA's The Tax Adviser regarding the deductibility of roofing expenses that contained Plaintiffs' handwritten notes regarding the roofing work done. (Stip Facts, Ex 5.) The parties stipulated that the handwritten notes were "a true and accurate reflection of events." (Stip Facts ¶IX.) In response to question 1 of the article, "Why was the roof replaced?", Plaintiffs wrote "worn out." (Stip Facts, Ex 5 at 4.) In response to question 2, "How much time elapsed between the building acquisition and the roof work?", Plaintiffs wrote "28 years." (*Id*.) The handwritten notes also stated that both the prior roofing type and the new roofing type were "asphalt shingles." (*Id*.) Finally, the notes indicated that the roof work did not relate to an enlargement of the existing building. (*Id*.)

Plaintiffs' Schedule E shows that they received $0 in rental income from the Crest Drive property in 2016 but claimed losses of $17,590. (Stip Facts, Ex 1.) Plaintiffs attached and timely filed their Section 1.263(a)-1(f) De Minimis Safe Harbor Election and Section 1.263(a)-3(h) Safe Harbor Election for Small Taxpayers with their 2016 tax return. (Stip Facts ¶VII; Ex 4.)

/ / /

## II. ANALYSIS

The issue presented is whether work performed by Plaintiffs on the roof of their residential rental property in 2016 may be deducted as a current year repair expense under IRC section 162(a) or rather must be capitalized under IRC section 263(a). Plaintiffs characterize the work done in 2016 as "shingle replacement." (Ptfs' Arg at 2.) Defendant characterizes it as a "roof replacement." (Def's Resp at 8.)

The legislature intended that Oregon personal income tax law be "identical in effect to the provisions of the Internal Revenue Code [IRC] relating to the measurement of taxable income of individuals, * * * modified as necessary by the state's jurisdiction to tax and the revenue needs of the state." ORS 316.007(1).[2] This includes both personal and business deductions. ORS 316.007(2). The court follows "the administrative and judicial interpretations of the federal income tax law" to the extent practicable. *See* ORS 314.011(3). Plaintiffs bear the burden of proof and must prove their case by a preponderance of the evidence. ORS 305.427. "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). The court has jurisdiction to determine the correct amount of the deficiency, even if on "grounds other or different from those asserted by" Defendant. ORS 305.575.

A.      *Whether Roof-Related Expenditures Were a Capital Expense*

Taxpayers shall be allowed a deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." IRC § 162(a). However, no deduction shall be allowed for "permanent improvements or betterments made to

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

increase the value of any property * * *." IRC § 263(a)(1). Such improvements represent capital expenditures. *See* Treas Reg § 1.263(a)-3. Capital expenditures "are added to the basis of the capital asset with respect to which they are incurred and are taken into account for tax purposes either through depreciation or by reducing the capital gain (or increasing the loss) when the asset is sold." *Woodward v. Comm'r*, 397 US 572, 574-75, 90 S Ct 1302, 25 L Ed 2d 577 (1970); *see also* IRC § 167. "[D]eductions are the exceptions to the norm of capitalization * * *." *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed2d 226 (1992).

Whether an expenditure is deductible as a business expense or must be depreciated as a business asset (capitalized) depends on "the purpose for which the expenditure was made." *Oberman Mfg. Co. v. Comm'r*, 47 TC 471, 482 (1967). "A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life." *Id.* In *Oberman*, the court allowed taxpayer to deduct the cost of repairing the leaking roof of a leased commercial building, finding the repairs did not "prolong the life of [the] property" or constitute a "replacement or substitution of the roof." *Id.* at 482. By contrast, courts have held that an owner's roof replacement is a capital expense and must be capitalized. *See e.g. Stark v. Comm'r*, 77 TCM (CCH) 1181 (1999), 1999 WL 30943 at *13 (US Tax Ct) (holding that owner's roofing expense must be capitalized where roof removed "right down to the wood" and replacement expected to last 20 years); *Tsakopoulos v. Comm'r*, 83 TCM (CCH) 1064 (2002) (cost of work performed on roof was capital expenditure because of the substantial nature of work and because it was intended to last 10 years appreciably prolonging life of roof); *see also* Treas Reg § 1.263(a)-3(k).[3]

---

[3] The examples provided in the applicable Treasury Regulation suggest that merely replacing a roofing component, such as a membrane or shingles constitutes a repair, but replacement of all major components constitutes a capital improvement. *Compare* Treas Reg § 1.263(a)-3(g) Ex 3, (k) Ex 15 *with* Treas Reg § 1.263(a)-3 (k) Ex 14.

Here, Plaintiffs own the property. There is nothing in the record suggesting that the roof was leaking or was otherwise failing to function as intended thereby necessitating a repair; the reason for the replacement was ordinary wear. A worn roof may affect the value of the property as whole but does not interfere with its function. Despite Plaintiffs' characterization of the expense as "replace[ment of] asphalt shingles," the evidence indicates that the scope of the project was more substantial. The contractor characterized it as "roof replacement." (*Compare* Ptfs' Arg at 1 *with* Stip Facts, Ex 2.) The replacement shingles were subject to a long warranty period (50-year factory warranty) and appreciably prolonged the life of the property.[4] The court concludes that the roof-related expenditures must be capitalized under IRC section 263(a)(1) unless some exception applies.

B.      *Whether an Exception to IRC Section 263(a)(1) Applies*

Plaintiffs rely on two safe harbor provisions under federal Treasury Regulations in support of their repair expense deduction. For purposes of the relevant deduction, "rules or regulations [under the IRC relating to taxable income] shall be regarded as rules adopted by the department * * *." ORS 316.032(3). The court will examine each in turn.

1.  *De Minimis Safe Harbor Election Under Treasury Regulation 1.263(a)-1(f)*

The de minimis safe harbor election under Treasury Regulation 1.263(a)-1(f) provides that a taxpayer may elect not to capitalize an expenditure where the taxpayer meets certain accounting requirements and where the cost does not exceed certain dollar limitations. For taxpayers without the applicable financial statement, the amount allowed was originally limited to "$500 per invoice (or per item substantiated by the invoice) or other amount as identified in

---

[4] The long warranty period suggests that Plaintiffs may have replaced the existing shingles with better quality asphalt shingles.

published guidance in the Federal Register or the Internal Revenue Bulletin * * *." Treas Reg § 1.263(a)-1(f)(1)(ii). In 2015, the IRS issued a notice raising the minimum under Treasury Regulation section 1.263(a)-1(f)(1)(ii) to $2,500 per invoice for the 2016 tax year. IRS Notice 2015-82, Dec 14, 2015. Even under the increased de minimis limit Plaintiffs' expenditure in the amount of $8,976 does not meet that requirement.

2. *Safe Harbor Election for Small Taxpayers Under Treasury Regulation 1.263(a)-3(h)*

Under the Safe Harbor Election for Small Taxpayers (Small Taxpayer election), landlords may deduct the cost of building repairs and improvements provided they meet certain requirements. The Small Taxpayer election is only available 1) if the building "has an unadjusted basis of $1,000,000 or less"; 2) the taxpayer's "average annual gross receipts * * * for the preceding three taxable years is less than or equal to $10,000,000"; and 3) "the total amount paid during the taxable year for repairs, maintenance, improvements * * * does not exceed the lesser of—(i) 2 percent of the unadjusted basis * * * of the eligible building property; or (ii) $10,000." Treas Reg § 1.263(a)-3(h)(1), (3), (4). The unadjusted basis for property is "the cost of such property * * *." Treas Reg § 1.263(a)-3(h)(5); IRC § 1012(1). The election is made per eligible building property. *See* Treas Reg § 1.263(a)-3(h)(6), Ex 3. "If total amounts paid by a qualifying taxpayer during the taxable year for repairs, maintenance, improvements, and similar activities performed on an eligible building exceed the safe harbor limitations * * * then the safe harbor election is not available for that eligible building property and the taxpayer must apply the general improvement rules * * *." Treas Reg § 1.263(a)-3(h)(8).

Defendant argues that the amount paid for the roofing work exceeds the limit for improvements under the Small Taxpayer election. (Def's Recommendations at 6.) Plaintiffs purchased the Crest Drive property for $43,000. (Stip Facts ¶III.) That amount represents

Plaintiffs' unadjusted basis in the property. Two percent of $43,000 is $860. The election requires that the amount allowed not exceed the lesser of $860 or $10,000. The amount Plaintiffs paid for the roofing work exceeds $860. This election is unavailable to Plaintiffs.

## III.  CONCLUSION

After careful consideration, the court concludes that Plaintiffs' roof-related expenditures are not deductible for the 2016 tax year because they represent an "improvement or betterment" to the property under IRC section 263(a)(1). The court further concludes that no exception applies, and that Plaintiffs are not eligible for either the Treasury Regulation 1.263(a)-1(f) or the Treasury Regulation 1.263(a)-3(h) safe harbor elections. Accordingly, Plaintiffs' appeal must be denied. Now, therefore,

IT IS ORDERED that Plaintiffs' appeal is denied.

_____

***This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.***

***This document was signed by Magistrate Allison R. Boomer and entered on March 26, 2020.***